Pro Se 1 2022

> FILED _____ LODGED
> _____ RECEIVED
>
> DEC 2 9 2025
>
> CLERK U.S. DISTRICT COURT
> WESTERN DISTRICT OF WASHINGTON AT TACOMA
> BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

# 25 CV 2711 JCC

CASE NO._____
[to be filled in by Clerk's Office]

| |
|---|
| ABAS DOWLAD |

Plaintiff(s),

v.

| |
|---|
| CHRISTIAN MEUNIER |

Defendant(s).

COMPLAINT FOR A CIVIL CASE

Jury Trial: ☐ Yes  ☒ No

## I.    THE PARTIES TO THIS COMPLAINT

A.    Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | ABAS DOWLAD |
| Street Address | 25701 117TH PL SE |
| City and County | KENT, KING. |
| State and Zip Code | WA, 98030 |
| Telephone Number | 2069004800 |

COMPLAINT FOR A CIVIL CASE - 1

*Pro Se 1 2022*

B.    Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | CHRISTIAN MEUNIER & NISSAN |
| Job or Title *(if known)* | CHRISTIAN MEUNIER ( Chairman ) |
| Street Address | ONE NISSAN WAY. |
| City and County | FRANKLIN, WILLIAMSON. |
| State and Zip Code | TN, 37067 |
| Telephone Number | (800) 647-7261 |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

COMPLAINT FOR A CIVIL CASE - 2

Pro Se 1 2022

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

## II.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(select all that apply)*

☐ Federal question:
If checked complete section A.

☑ Diversity of citizenship:
If checked complete section B.

Fill out the paragraphs in this section that apply to this case.

A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. *Attach additional pages if needed.*

COMPLAINT FOR A CIVIL CASE - 3

*Pro Se 1 2022*

B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual.

The plaintiff (*name*) ABAS DOWLAD ........................., is a citizen of the

State of (*name*) WASHINGTON ........................................... .

b.    If the plaintiff is a corporation.

The plaintiff, (*name*) _____, is incorporated under

the laws of the State of (*name*) _____, and has its principal

place of business in the State of (*name*) _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual.

The defendant, (*name*) CHRISTIAN MEUNIER ..................., is a citizen of the

State of (*name*) TENNESSEE ............................................ . Or is a citizen of

(*foreign nation*) _____ .

b.    If the defendant is a corporation.

The defendant, (*name*) NISSAN ..................................., is incorporated under

the laws of the State of (*name*) TENNESSEE ........................., and has its principal

place of business in the State of (*name*) TENNESSEE .............. .

Or is incorporated under the laws of (*foreign nation*) _____,

and has its principal place of business in (*name*) _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

COMPLAINT FOR A CIVIL CASE - 4

*Pro Se 1 2022*

3.    The Amount in Controversy.

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*) *Attach additional pages if needed*:

The amount in controversy is the total sum Plaintiff claims Defendant Nissan owes for its wrongful conduct. This includes actual economic damages from the VC-Turbo engine defect, including repair costs and diminished vehicle value. Plaintiff also claims damages for loss of use, inconvenience, and any additional costs required to maintain the vehicle safely. The amount includes harm caused by false credit reporting, which damaged Plaintiff's creditworthiness and caused financial and emotional distress. Plaintiff has made timely and full payments, and the false reporting was knowingly inaccurate and harmful. The total damages claimed amount to $75,666, exclusive of interest, court costs, and attorney 's fees. This sum exceeds the jurisdictional minimum for federal diversity jurisdiction under 28 U.S.C. § 1332. also supports Plaintiff 's claim for these damages and relief amount to $75,666,

## III.    STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

Plaintiff purchased a 2021 Nissan Rogue on November 11, 2021, in Kent, Washington. The vehicle has a VC-Turbo engine with defects causing knocking, rough idling, loss of power, and possible sudden engine failure. Nissan manufactured and sold the vehicle with these defects, knew about them, but failed to disclose or properly repair them. Plaintiff incurred repair costs, loss of use, and diminished vehicle value due to the defective engine. In February and March 2023, Nissan falsely reported Plaintiff as late on payments to all three credit bureaus. These false reports damaged Plaintiff's credit, caused financial harm, and emotional distress, and were not corrected by Nissan. The defective engine and false credit reporting continue to cause harm, and Plaintiff seeks damages and relief.

## IV.    RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.*

Plaintiff asks the Court to order Defendant Nissan North America, Inc. to pay actual damages totaling $75,666, which include repair costs for the defective VC-Turbo engine, loss of use, diminished vehicle value, and harm caused by false credit reporting. Plaintiff also requests that the Court require Nissan to correct all false credit reporting made to the three major credit bureaus, restoring Plaintiff ; fls accurate credit history. The wrongful conduct is continuing, as the defect remains in the vehicle and the false credit reporting has not been corrected, creating ongoing financial and safety risks. Plaintiff seeks any additional relief the Court deems just and proper, including punitive damages, costs, and fees, to hold Nissan accountable for its deceptive, unsafe, and harmful practices.

## V.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper

COMPLAINT FOR A CIVIL CASE - 5

*Pro Se 1 2022*

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           12 / 26 / 2025

Signature of Plaintiff

Printed Name of Plaintiff    ABAS DOWLAD


Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff


Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff


COMPLAINT FOR A CIVIL CASE - 6

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION

ABAS DOWLAD,
Plaintiff,

V.

CHRISTIAN MEUNIER,
Defendant.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(NO JURY DEMAND)

## I. PARTIES

1. Plaintiff Abas Dowlad is an individual residing in Kent, Washington, and is the owner of a 2021 Nissan Rogue.
2. Defendant Nissan North America, Inc. is a Tennessee corporation with its principal place of business at One Nissan Way, Franklin, Tennessee 37067.
3. Nissan manufactures, markets, sells, and services vehicles throughout the United States, including in Washington State, and has substantial contacts with this District.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.
5. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.
6. Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred here, including the sale, use, and reporting of the vehicle.

## III. FACTUAL BACKGROUND

7. Plaintiff purchased a 2021 Nissan Rogue on November 11, 2021, with a $10,000 down payment and a financed balance of $20,788.
8. Plaintiff made all payments on time, often in advance, and paid off the loan in full on November 11, 2024, including an additional $10,000 advance payment.
9. Despite this impeccable payment history, Nissan falsely reported to all three major credit bureaus that Plaintiff was late for February and March 2023, causing credit harm.

## IV. VC-TURBO ENGINE DEFECT

10. Plaintiff's Rogue is equipped with Nissan's Variable Compression Turbo ("VC-Turbo") engine, which contains latent design and manufacturing defects.
11. Defects include defective bearings and components that cause engine knocking, rough idling, power loss, oil contamination, and sudden engine failure.
12. Sudden engine failure presents a serious safety risk, potentially leading to vehicle accidents or injury.
13. Nissan was aware of these defects through internal testing, warranty data, dealer reports, and consumer complaints, yet failed to disclose them.
14. Although Nissan issued recalls, these remedies do not permanently fix the defect, leaving vehicles like Plaintiff's unsafe and unreliable.
15. Nissan's wrongful conduct is ongoing, as they continue to sell vehicles with the same defect without adequate disclosure.

## V. FALSE CREDIT REPORTING

16. Defendant Nissan falsely reported Plaintiff as late on loan payments for February and March 2023 to all three major credit reporting agencies.
17. These reports were factually incorrect, as Plaintiff had never missed or been late on payments and had even made additional advance payments.
18. The false reporting damaged Plaintiff's creditworthiness, lowered financial standing, and caused emotional distress and financial harm.
19. Despite having accurate payment records, Nissan failed to correct the false reporting, in violation of federal law.

## VI. CAUSES OF ACTION

### COUNT I – Breach of Express Warranty (Federal)

(Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.)

20. Nissan expressly warranted that the vehicle was free from defects and fit for ordinary driving purposes.
21. The VC-Turbo defect constitutes a breach of express warranty, as Nissan failed to provide a permanent repair or replacement.
22. Plaintiff has suffered damages as a direct result, including repair costs, loss of use, and diminished vehicle value.

### COUNT II – Breach of Implied Warranty of Merchantability (State & Federal)

(U.C.C. § 2-314; Washington law)

23. The vehicle was not fit for ordinary use, given the engine defect and risk of sudden failure.
24. The defect renders the vehicle merchantable under both state and federal law, entitling Plaintiff to damages.
25. Plaintiff relied on the warranties when purchasing the vehicle and suffered financial and safety-related harm.

### COUNT III – Violation of Washington Consumer Protection Act

(RCW 19.86)

26. Nissan engaged in unfair and deceptive acts by concealing the VC-Turbo defect and misrepresenting the vehicle's safety and reliability.
27. These acts affected the public interest and caused financial and emotional harm to Plaintiff.
28. Plaintiff seeks restitution, damages, and injunctive relief under RCW 19.86.

### COUNT IV – Fraudulent Concealment

29. Nissan knowingly concealed material facts about the engine defect to induce Plaintiff's purchase.
30. Plaintiff reasonably relied on Nissan's omissions and misrepresentations.

31. Plaintiff suffered damages including repair costs, diminished vehicle value, and safety risks.

COUNT V – Violation of Fair Credit Reporting Act (FCRA)

(15 U.S.C. §§ 1681s-2, 1681n, 1681o)

32. Nissan furnished false information to the three major credit bureaus regarding Plaintiff's loan payment history.
33. Nissan failed to investigate or correct the false information after being made aware of it.
34. Plaintiff suffered actual damages, including credit harm, emotional distress, and financial loss.

## VII. DAMAGES

35. Plaintiff has suffered damages including:

- Repair and diagnostic costs for the VC-Turbo engine;
- Diminished vehicle value;
- Loss of use;
- Credit harm from false reporting;
- Emotional distress and consequential losses.

36. Total damages are $75,666, exclusive of interest and costs.

## VIII. RELIEF REQUESTED

37. Award Plaintiff actual damages totaling $75,666.
38. Order Nissan to permanently repair the VC-Turbo defect and disclose defects to the public.
39. Require Nissan to correct all false credit reporting and restore Plaintiff's credit standing.
40. Award costs, attorney's fees, and any other relief the Court deems just and proper.

# I. NISSAN LAWSUIT – EXPLANATION TO THE COURT

1. Plaintiff Abas Dowlad is an individual residing in Kent, Washington, and is the lawful owner of a 2021 Nissan Rogue.
    - Plaintiff purchased this vehicle relying on Defendant's representations that it was safe, reliable, and free from defects.
    - Plaintiff brings this action to protect his rights under federal and Washington state law.
2. Defendant Nissan North America, Inc. is a Tennessee corporation with its principal place of business in Franklin, Tennessee.
    - Nissan manufactures, markets, sells, and services vehicles in Washington State, including the VC-Turbo engine.
    - Nissan is subject to federal laws, including the Magnuson-Moss Warranty Act and the FCRA, and state laws such as the Washington Consumer Protection Act (RCW 19.86).
3. Nissan knowingly engages in business within this District and has substantial contacts here, including the sale and servicing of Plaintiff's vehicle.
    - Plaintiff purchased the vehicle in this District and suffered harm here.
    - Venue and jurisdiction are proper under federal law (28 U.S.C. § 1331) and state law principles.
4. Plaintiff seeks to hold Nissan accountable for unlawful, unfair, and deceptive practices in violation of federal and Washington law.
    - The defects and false credit reporting caused financial, safety, and emotional harm.
    - Plaintiff requests relief including damages, correction of credit reports, and injunctive measures.
5. Plaintiff asserts that Nissan's ongoing conduct continues to place him and other consumers at risk, justifying equitable relief.
    - The VC-Turbo engine defect remains unresolved, creating a safety hazard.
    - Federal law (Magnuson-Moss, FCRA) and Washington law (CPA, UCC) authorize the Court to order such relief.

# II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings claims under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.).
    - The Act provides remedies for consumers harmed by defective products and breach of express warranties.
    - Plaintiff's claims arise directly from Nissan's failure to honor warranties on the VC-Turbo engine.

2. Federal jurisdiction also exists under the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), which protects consumers from inaccurate reporting by furnishers.
   o Nissan falsely reported Plaintiff's payments as late, violating FCRA sections 1681s-2(b).
   o The law allows the Court to award damages, fees, and corrective relief.
3. Diversity jurisdiction exists under 28 U.S.C. § 1332, as Plaintiff and Defendant are citizens of different states.
   o The amount in controversy exceeds $75,000, exclusive of interest and costs.
   o Plaintiff is entitled to seek full damages under federal and state law.
4. Venue is proper under 28 U.S.C. § 1391(b) because Nissan conducts business in this District, and the wrongful acts occurred here.
   o Plaintiff purchased the vehicle and suffered harm in this District.
   o The Court may provide both monetary and equitable relief in this venue.
5. Washington law supports venue and jurisdiction, including RCW 19.86 for unfair and deceptive practices.
   o The CPA gives consumers remedies for financial and emotional harm caused by deceptive business practices.
   o Plaintiff seeks relief for both ongoing and past harm under state law.

# III. VEHICLE PURCHASE AND PAYMENT HISTORY

1. Plaintiff purchased the vehicle on November 11, 2021, making a $10,000 down payment and financing $20,788.
   o Plaintiff fully complied with all contractual obligations, paying every installment on time.
   o Federal law under Magnuson-Moss and Washington UCC principles recognize this full performance.
2. Plaintiff made advance payments totaling $10,000 and paid off the loan in full on November 11, 2024.
   o Despite this, Nissan falsely reported Plaintiff as late in February and March 2023.
   o This constitutes an FCRA violation and a breach of good faith under state contract law.
3. The false reporting damaged Plaintiff's credit, lowering financial credibility and creating emotional distress.
   o Federal law allows recovery of actual damages, including emotional distress under FCRA.
   o Washington law similarly recognizes harm from unfair business practices under RCW 19.86.
4. Plaintiff maintained a perfect payment history throughout the loan term, establishing that Nissan's reporting was knowingly false.

- o This demonstrates Defendant's willful disregard for federal credit reporting obligations.
- o The Court may award both compensatory and statutory damages under FCRA.
5. Plaintiff relied on the accuracy of his credit reporting and the warranty promises made by Nissan.
    - o The misreporting and defective vehicle breached both federal and state consumer protection standards.
    - o Plaintiff seeks correction of credit reporting and compensation for all resulting harms.

# IV. VC-TURBO ENGINE DEFECT

1. The vehicle contains a Variable Compression Turbo (VC-Turbo) engine with latent design and manufacturing defects.
    - o These defects include engine knocking, rough idling, oil contamination, and sudden engine failure.
    - o The defects create a substantial risk to safety, property, and Plaintiff's financial interests.
2. Nissan was aware of these defects through testing, dealer reports, and warranty claims.
    - o Federal law (Magnuson-Moss) and Washington law (UCC § 2-314, CPA) require disclosure and repair.
    - o Failure to disclose constitutes a violation of both express and implied warranties.
3. Nissan issued recalls and service campaigns acknowledging potential engine failure.
    - o These recalls do not provide permanent repair or restore the vehicle to merchantable condition.
    - o Plaintiff remains at risk, and federal and state law allow injunctive relief to prevent further harm.
4. Plaintiff reasonably relied on Nissan's representations that the vehicle was safe and reliable.
    - o Defendant's omissions and misrepresentations constitute fraudulent concealment under Washington law.
    - o The Court may award damages for lost value, repair costs, and emotional distress.
5. The defective engine renders the vehicle unfit for ordinary use and unsafe.
    - o This breach of implied warranty violates UCC § 2-314 and Washington common law.
    - o Federal law under Magnuson-Moss provides remedies including actual damages and equitable relief.

# X. CONCLUSION.

Plaintiff respectfully submits this Complaint against Defendant Nissan North America, Inc., seeking relief for Nissan's repeated and ongoing wrongful conduct. Despite Plaintiff's full and timely payment history and responsible ownership of the 2021 Nissan Rogue, Defendant sold a vehicle with a latent, dangerous defect in the VC-Turbo engine. This defect causes knocking, loss of power, rough idling, premature engine wear, and potential sudden engine failure, creating a serious safety risk to Plaintiff and the public. Nissan was aware of these defects through internal testing, warranty data, dealer reports, and consumer complaints, yet concealed the defects at the time of sale and failed to provide a permanent repair, despite issuing recalls.

In addition, Defendant falsely reported Plaintiff as late on February and March 2023 payments to all three major credit reporting bureaus, despite Plaintiff maintaining a perfect payment record and making advance payments. This false reporting damaged Plaintiff's creditworthiness, caused emotional distress, and resulted in financial harm. Nissan had access to accurate records but failed to correct the false reporting, in violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) and state law.

Plaintiff's claims are brought under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.), the Washington Consumer Protection Act (RCW 19.86), the Uniform Commercial Code (U.C.C. § 2-314) regarding breach of implied warranty, and state and federal fraud and consumer protection laws. As a direct result of Defendant's conduct, Plaintiff has suffered actual damages totaling $75,666, including repair costs, loss of use, diminished vehicle value, credit damage, and emotional distress.

Plaintiff requests that the Court grant full relief as follows: actual damages in the amount of $75,666, injunctive relief requiring Defendant to correct the VC-Turbo defect and permanently disclose the defect to the public, correction of false credit reporting, reimbursement of costs, and any other relief the Court deems just and proper. The wrongful conduct is ongoing, creating an immediate and continuing risk to Plaintiff and other consumers, and therefore equitable relief is necessary to prevent further harm.

Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant, holding Nissan accountable for its deceptive, unfair, and unlawful conduct, and awarding Plaintiff all damages, restitution, and relief available under federal and Washington state law.