THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABAS DOWLAD,

Plaintiff,

v.

NISSAN MOTOR ACCEPTANCE COMPANY LLC,

Defendant.

CASE NO. C25-2711-JCC

ORDER

This matter comes before the Court on Defendant Nissan Motor Acceptance Company LLC's ("NMAC") motion to dismiss (Dkt. No. 13) and Plaintiff's motion for leave to amend the complaint (Dkt. No. 15). Having thoroughly considered the briefing and record, the Court GRANTS both motions as described herein.

Plaintiff brought this case *pro se* alleging that he purchased a 2021 Nissan Rogue containing latent defects and, unrelatedly, that his lender NMAC failed to properly account for his loan payments on that vehicle. (*See generally* Dkt. No. 5.) NMAC, the only named (and served) defendant, now seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6),[1]

[1] Rule 12(b)(6) directs a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). According to the rule, the Court assumes the truth of the complaint's factual allegations and credits all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Thus, to avoid dismissal, a plaintiff must point to factual allegations

noting that it is not a proper defendant for claims I, II, and IV, as each pertain solely to the vehicle and its associated warranties, while claims III and V, involving supposed consumer protection and credit reporting violations as to NMAC, are inadequately pleaded. (*See generally* Dkt. No. 13.) Relatedly, Plaintiff moves for leave to amend to add as a defendant Nissan North America, Inc. ("Nissan"), the purported vehicle's manufacturer, to bolster claims I, II, and IV. (*See generally* Dkt. No. 15.)

As to NMAC's motion, Plaintiff concedes that claims I, II, and IV are inpat (as to it) and should be dismissed, although he asks that the dismissal be without prejudice. (*See generally* Dkt. No. 20.) As for claims III and V, Plaintiff points the Court to facts outside of the complaint (Dkt. No. 5) to suggest that his claims are, in fact, adequately pleaded. (*See generally* Dkt. Nos. 20, 22.) Plaintiff provides the Court with no compelling reason not to dismiss with prejudice claims I, II, and IV against NMAC. So it will do just that. Moreover, Plaintiff's allegations, (*see generally* Dkt. No. 5), are indeed insufficient to plausibly state claims III and V. Nevertheless, it is conceivable that if repleaded, Plaintiff could plausibly allege claims III and V as to NMAC.[2] This case is in the early stages, so prejudice to NMAC from such an amendment would be minimal. Thus, the Court DISMISSES all claims against NMAC with prejudice but with leave to amend within 30 days of this order.

Separately, Plaintiff asks for leave for further amendment to add Nissan as a defendant

---

that "state a claim to relief that 'is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Said another way, the Court must be able to conclude that the movant is entitled to judgment as a matter of law, even after accepting allegations as true and construing them in the light most favorable to the non-moving party. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). However, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

[2] The Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* Fed. R. Civ. P. 15(a)(2) (directing the Court to freely give leave to amend); *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (leave to amend should be provided unless it would be futile).

here. (*See generally* Dkt. No. 15.) To note, this is Plaintiff's *second* request for leave to amend. In the first, he sought leave to correct the named defendant—from Christian Meunier to NMAC. (*See* Dkt. No. 12.) The Court did not respond to that request because leave of the Court is not required for such an amendment, which was permissible by right. *See* Fed. R. Civ. P. 15(a)(1). And that amendment was consistent with the summons served on NMAC (who later moved to dismiss—as discussed above). (*See* Dkt. Nos. 11, 13.) Regardless, finding good cause for the *present* request (Dkt. No. 15), the Court GRANTS Plaintiff leave to amend his complaint (Dkt. No. 5) within 30 days to add Nissan as a defendant in this matter (along with leave to amend to cure the deficiencies noted above against NMAC as to claims III and V).[3]

In sum, the Court GRANTS NMAC's motion (Dkt. No. 13) and DISMISSES all claims against it with prejudice. The Court further GRANTS Plaintiff's motion for leave to amend (Dkt. No. 15). Plaintiff may lodge an amended complaint within 30 days of this order adding Nissan as a defendant and containing the allegations necessary to cure claims III and V as to NMAC. If no such amended complaint is lodged within this time period, the Court will issue judgment in this matter.

The DIRECTS the Clerk to STRIKE Plaintiff's motion for summary judgment (Dkt. No. 23) as premature. Plaintiff may again so move but not until the period for amendment (described above) has lapsed.

So ORDERED this 24th day of September 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[3] Service of this action on NMAC *does not* represent service of the amended complaint (to be lodged with the Court) on Nissan, which must still be accomplished pursuant to Rule 4.